Hillsborough, } No. 3851.
Oct. 3, 1949. }

KATHLEEN TROW *v.* PERLEY E. TROW.

*Thomas J. Leonard,* for the libelant, filed no brief.

*William H. Sleeper* and *Robert Shaw* (by brief), for the libelee.

KENISON, J. The issue involved in this proceeding is the power of the Superior Court which denies a divorce to both parents living apart to award custody and make provision for the support of their minor children. There is a split of authority elsewhere (annotations 113 A. L. R. 901; 151 A. L. R. 1380) and the precise question does not appear to have been determined in this state.

It has been settled in this jurisdiction that the power to award custody and decree support is wholly statutory in cases of divorce (*Salta* v. *Salta,* 80 N. H. 218) or legal separation (*Baker* v. *Baker,* 90 N. H. 307) and the Superior Court is considered to have no independent equity jurisdiction over the custody and support of children (*Leclerc* v. *Leclerc,* 85 N. H. 121; *Brown* v. *Jewell,* 86 N. H. 190). While certain temporary and intermediate orders may be made in *habeas corpus* (*Sheehy* v. *Sheehy,* 88 N. H. 223) or injunction proceedings (*Hartnett* v. *Hartnett,* 93 N.H. 406), this is by virtue of the statutes and not because of any equity powers in divorce proceedings. The reasoning in support of this view is expressed in *Leclerc* v. *Leclerc,*

*supra,* 123 as follows: "In the absence of pending [R. L., *c.* 339,*ss.*14, 15] or possible [R. L., *c.* 339, *s.* 29] divorce proceedings the superior court had no jurisdiction to appoint a custodian of minors as it attempted to do in this case, since the right of custody is a legal incident of guardianship, and the appointment of guardians is a matter within the exclusive jurisdiction of the probate court."

If the parents are living together and the divorce is denied, it follows under our statutes that no order of custody and support can be made in the Superior Court in that proceeding. A comprehensive study of this problem has stated that such a result is "obviously undesirable and opposed to the best interests of the parties involved and the community." Seventh Annual Report of N. Y. Judicial Council (1941) 269, 274. It was this study which prompted New York to change its law in such cases. *Caldwell* v. *Caldwell,* 298 N. Y. 146. It is unnecessary to consider the social merits of this result (2 Nelson, Divorce and Annulment (2d. *ed.*) 221) upon the facts in this case since the parties were living apart and the order of the trial court is to be considered in the light of another statutory provision not heretofore cited or construed. In the Introductory Report of the Commissioners to revise the Public Laws (1925) it is stated at page iii: "We suggest practically nothing in the line of new law. What few new sections have been added are indicated by the absence of reference to prior legislation. Their total number does not exceed a dozen." One of these few additions was section 33 to the divorce laws which was adopted without change in the Public Laws (*c.* 287, *s.* 33) and the Revised Laws (R. L., *c.* 339, *s.* 33) providing: *"Support of Children.* In cases where husband and wife are living apart the court, upon petition of either party, may make such order as to the custody and maintenance of the children as justice may require; and all appropriate provisions of this chapter shall apply to such proceedings."

The result is that the Superior Court may make orders as to custody and maintenance of children whether the divorce is pending or denied providing that the "husband and wife are living apart." The decree is this case was one that could be made under R. L., *c.* 339, *s.* 33, although a more appropriate provision of the decree would have been "divorce denied" rather than "libel dismissed."

*Exceptions overruled.*

All concurred.